UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUSTEE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM CUTLIP; CHIKACO CUTLIP,<br><br>Defendants. | Case No. 5:17-cv-01416-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER FINDING AS MOOT IFP APPLICATION**<br><br>**REPORT AND RECOMMENDATION FOR REMAND TO STATE COURT** |

Defendants William and Chikako Cutlip removed this unlawful detainer action from the Santa Clara County Superior Court.[1] They also seek leave to proceed in forma pauperis (IFP). Having reviewed the record, and for the reasons stated below, the undersigned deems the IFP application moot, but recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the

---

[1] This is the *fourth* time the Cutlips have removed this same unlawful detainer case (Superior Court Case No. 115cv285290). See *Deutsche Bank Nat'l Trustee Co. v. Cutlip*, No. 5:16-cv-03612-BLF; *Deutsche Bank Nat'l Trustee Co. v. Cutlip*, No. 5:16-cv-04255-BLF; and *Deutsche Bank Nat'l Trustee Co. v. Cutlip*, No. 16-cv-07148-LHK. All have been remanded to the state court.

applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Here, only one of the defendants has submitted a signed IFP application.  The application is incomplete in that it does not identify assets or expenses.  Under different circumstances, the undersigned might have required both defendants to submit complete applications.  However, the IFP application is deemed moot because, for the reasons discussed below, there is no federal subject matter jurisdiction over this matter anyway.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement.  Id.  Here, the notice of removal says that defendant's federal rights have been violated.  However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.  Plaintiff's complaint presents a claim arising only under state law.  It does not allege any federal claims whatsoever.

There is also no basis for diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. 1 at ECF p.

9). Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. As local defendants, the Cutlips cannot remove this case here. Spencer v. U.S. Dist. Ct. for Northern Dist. of California, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."); 28 U.S.C. § 1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In any event, the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

Defendants nevertheless argue that removal is proper under 28 U.S.C. § 1443(1), which "provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that 'cannot [be] enforce[d]' in the state courts." Deutsche Bank Nat'l Trust Co. v. Young, No. C-14-3170 EMC, 2014 WL 7336696, at *1 (N.D. Cal., Dec. 23, 2014) (citing 28 U.S.C. § 1443(1) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)).[2] A successful petition for removal under Section 1443(1) must satisfy a two-part test. First, the petitioner must assert, as a defense, "rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citations omitted). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to

---

[2] Defendants do not claim that removal of this matter is based on 28 U.S.C. § 1443(2), and there is nothing to indicate that defendant has any right of removal under that subsection of the statute anyway. See Peacock, 384 U.S. at 824 (holding that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights").

3

1  command the state courts to ignore the federal rights." Id.

2  Here, defendants say that their "federally protected contractual rights" under 42 U.S.C. §
3  1981 have been violated. (Dkt. 1 at 3). Essentially, they complain about California's non-judicial
4  foreclosure scheme and the summary nature of proceedings in state court limited civil cases. They
5  also allege that state court judges are motivated by a desire to protect their own retirement
6  benefits. However, "Supreme Court and Ninth Circuit precedent undoubtedly limit removal under
7  section 1443(1) to only cases where it is predicated upon racial discrimination." Baldini Real
8  Estate, Inc. v. Cruz, No. 15-cv-2932 YGR, 2015 WL 4760510, at *2 (N.D. Cal., Aug. 12, 2015)
9  (finding removal improper where the defendant "argues that he will raise a defense to the unlawful
10 detainer action pursuant to his equal rights based *not on race* but on other constitutionally
11 guaranteed rights he claims are protected by 42 U.S.C. section 1981.") (citations omitted).
12 Moreover, defendants fail to identify any "state statute or a constitutional provision that purports
13 to *command* the state courts to ignore [Defendants'] federal rights." Patel, 446 F.3d at 999
14 (emphasis added); see also U.S. Bank Nat'l Ass'n v. Melchor, No. EDCV 14–01456–VAP
15 (DTBx), 2014 WL 3737972, at *4 (C.D. Cal., July 25, 2014) (concluding that defendant's
16 "assert[ion] that California's unlawful detainer scheme is discriminatory against pro se defendants
17 . . . . is insufficient to support removal pursuant to 28 U.S.C. § 1443(1)."). There is no basis for
18 removal under 28 U.S.C. § 1443(1).

19 The removal of this case was improper. <u>Defendants are advised that their repeated
20 attempts to remove this matter may result in sanctions.</u>

21 Because the parties have yet to consent to the undersigned's jurisdiction, this court
22 ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further
23 RECOMMENDS that plaintiff's motion for remand be granted and that the newly assigned judge
24 remand the case to the Santa Clara County Superior Court. Any party may serve and file
25 objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C.
26
27
28

4

1 § 636(b)(1)(B), (C); Fed. R. Civ. P. 72.

2 Dated:   March 17, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:17-cv-01416-HRL Notice sent by U.S. Mail on 3/17/2017 to:

Mike Aleali
Nathaniel M. Brodnax
Hadi R. Seyed-Ali
Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606

    Counsel for Plaintiffs

William Cutlip
619 Union Avenue
Campbell, CA 95008

Chikako Cutlip
619 Union Avenue
Campbell, CA 95008

    Pro Se Defendants